## Smith *v.* Cohea.

If the sheriff return a process endorsed with the word " Executed," to which
  he has signed his name, the court cannot question the legality of the service;
  but if the means of service are set forth, the court will judge of its legality.
A return on a writ of " executed by leaving a copy at the boarding house of
  the defendant," is insufficient.

ERROR to the circuit court of Hinds county.

This was an action of *assumpsit* on a promissory note for one
hundred and eighty-one dollars thirty-seven cents. The writ was
returned, " executed by leaving a copy at defendant's boarding
house. "

The court rendered a judgment by default for two hundred and
seven dollars, seventy-six cents.

The plaintiff below entered on the record a *remittitur* as to
sixteen dollars fifty cents, the excess of the judgment.

The errors assigned are the insufficiency of the service of the
writ and the excess of the judgment.

Work, for plaintiff in error,

Insisted that the service of the writ is insufficient to sustain the
judgment below by default. The return is " executed by leaving
a copy at his boarding house, October 7th, 1836." By law,
Rev. Code, p. 114, sect. 44, the sheriff is required to leave a
copy thereof (the writ) at some public place, at the dwelling
house or other known place of residence of such defendant,
he being from home and no such white person being found
there willing to receive the same." By the use of the words
" where the defendant cannot be found," in the same section, the
intention of the law is shown to be that the defendant shall have
personal notice, in all cases where he can be found; and it is cer-
tainly consonant to good policy and justice, to give a party whose
rights are to be so seriously affected as to deprive him of his pro-
perty, the most certain notice of the proceeding against him that

[Smith *v.* Cohea.]

he may prepare for his defence. From the law the defendant (if to be found) has a right to service of the writ on himself personally, if not to be found it may be left with his wife: when the service is attempted by leaving a copy as in this case, it must be done by leaving it at a " known place of residence of such defendant, he being from home."

From the return of the officer it does not appear that the copy was left at the known place of residence of the defendant, he being from home. " His boarding house" may not have been his *known* place of residence, and from the return it does not appear that the defendant was not at home, or not at his boarding house, or that there was no white person there willing to receive the writ. Officers should be held to a strict compliance, otherwise by trick and management judgments may be obtained against a citizen, which may ruin him, without any notice ever reaching him of the claim set up against him. The return is, " by leaving a copy at his boarding house," without stating that a copy was left at the defendant's residence. It might be left at his boarding house, if left at the boarding house of any man in the county or state. Furnier *v.* Gardner, 1 Cowen, 14, 15; Searl *v.* Long, 1 Mod. 197 and 264, will show with what strictness the courts construe the sheriff's return, and it is believed will show the insufficiency of this service. Judgment was rendered on a note for 181 dollars and 37½ cents, on the 9th November, 1836, (the note bearing interest from the 1st of January, 1834,) for 207 dollars and 96 cents, some 13 or 14 dollars too much. This error is attempted to be aided by a remission by the attorney for plaintiff below. From the law, Rev. Code, p. 125, sect. 96, an amendment may be made in or out of court, but the adverse party is entitled to notice not constructive, but actual notice, but this has not been given.

Shelton, *contra.*

The service is sufficient. The sufficiency of the facts to constitute legal service, is thus: that he " left a copy with the wife of defendant at his residence, he not being found at home." Or the court may determine the sufficiency of the sheriff's acts to constitute legal service, when the sheriff *does* precisely the proper acts, and *returns* the capias, " executed."

[Smith *v.* Cohea.]

By this return, he determined that the facts by him performed amounted to a legal service of the writs.   In the former case the return stating only facts, the court could judge of the sufficiency. In the latter case, the return not only implies facts, but the sheriff also thereby determines their sufficiency to constitute legal service.

In neither case can the return be controverted.   In the former, the facts cannot be denied. In the latter, neither the sheriff's acts, nor their sufficiency can be controverted, for both constitute a part of the return.   3 Mar. Rep. 392; 3 Mon. Rep. 51; 4 Mon. Rep. 397; 4 Mass. Rep. 478.

The rule is this.   If the sheriff return only facts, the court will judge of their sufficiency to make a legal service.   If the sheriff determine the sufficiency of his acts, the court will not suffer the service to be controverted.

But it may be urged against this rule that if the sheriff should return "executed" by acts which could not constitute a service, as by leaving a copy at a neighbor's house, it would be defective. This is true, but forms no exception to the rule.   On such a return, the court would not inquire into the legality of the service; it would set aside the return as contradictory, and therefore void; and in this court upon a writ of error it would be treated as no return.   The reason is this—one part must be false: it either was not executed, or it was not left at a neighbor's house; it cannot be determined which is true.   But this objection does not reach the service; it is to the return, as wholly void for contradiction on its face; whereas, the rule applies to the service, and the means of determining its sufficiency.

Let us then inquire, 1. Is the return contradictory on its face and therefore void? 2. If not void, is it a return stating facts only; or does the sheriff thereby determine the sufficiency of his acts to constitute legal service?   A solution of these two propositions must determine the result of this case.

Is the return contradictory and therefore void?

The answer to this question depends upon the reply to another. In the sheriff's return is the statement of facts repugnant to the term "executed?"   If leaving a copy at defendant's boarding house, can be a good service, it is not repugnant.   If it can not be, it is repugnant.   Leaving it at defendant's known place of residence,

[Smith *v.* Cohea.]

may be a good service. Rev. Code, p. 114. Defendant's boarding house may be defendant's known place of residence; therefore, leaving it at defendant's boarding house may be a good service on which the sheriff might return the *capias* executed; then the statement of facts does not contradict the term executed, and consequently the return is not void for contradiction apparent on its face. If not void, then it is conclusive as to all therein stated; and this brings us to the second proposition.

Is it a return stating facts only, or does the sheriff thereby determine the sufficiency of his acts to constitute legal service?

To reply to this question we must construe the return. In the construction of a sheriff's return we must take all contained in it to be true, if all can be true.

A copy was left at defendant's boarding house, under such circumstances as did or did not make it a good service. If it did not create a good service, then the term executed in the return is false. But if the term executed be true, then it must have been left under such circumstances as made it a good service, and so, as I have proved, it may have been. The conclusion is, that if the circumstances were not such as to make it a good service, a part of the return is false; if they were such as to make it a good service, the whole return is true; the application is simple, construed so as to make all true. But thus to construe, is to say, that the sheriff has, by the term "executed," determined the sufficiency of the act, by him performed, to constitute a good service, and that the phrase, "by leaving a copy at defendant's boarding house," is a specification of a portion of those acts: this conclusion is legitimate, and a solution of the proposition.

Thus we arrive at these conclusions. There is no contradiction on the face of the return to make it void. The sheriff has determined that the acts by him performed, constituted legal service. The sheriff having so determined, the court will not suffer the sufficiency of such service to be controverted; and if these conclusions be correct, they settle the question, and the service is sufficient.

Secondly. The judgment is for a greater sum than the note sued on would allow. If error, it was remedied by the *remittitur* made upon the record in open court, and therefore under its sanction.

[Smith *v.* Cohea.]

Mr. Justice PRAY delivered the opinion of the court.

The errors assigned in this case are, 1. There is no sufficient service of the writ on the defendant Smith, and the judgment is by default. 2. The judgment is for a greater sum than the note sued on will justify.

The return of the sheriff is in these words. "Executed by leaving a copy at his boarding house, October 7, 1836."

This was a case where no bail was required, and in such case the service may be made as follows, under the statute, Rev. Code, p. 114, sect. 44.

"Where the defendant cannot be found, it shall be deemed a sufficient service of such writ, for the sheriff or other officer to whom the same is directed, to leave a copy thereof with the wife of the defendant or some free white person about the age of sixteen years, then and there being one of the family of the defendant, and found at his usual place of abode, or leave a copy thereof at some public place at the dwelling house, or other place of residence of such defendant, he being from home, and no such free white person being found there willing to receive the same."

If the sheriff returns a process endorsed with the word "executed," to which he has signed his name, the court cannot question the legality of the service, but if he sets forth the manner of service, the court will judge of its legality.

In the present case, the sheriff has not returned simply "executed," but states the manner of execution. The question then is, whether the manner of executing the process contained in the return, is such an one as the statute authorises? We think not.

The leaving of a copy at the boarding house of the defendant, is nowhere permitted to be a proper service. If sheriffs set forth the manner of service, they must take care that the terms of the law be complied with.

Judgment below must be reversed, and the cause remanded.